IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC GARFIELD WILLIAMS,

        Petitioner,                      No. CIV S-08-1966 GEB DAD P

    vs.

LARRY MORRIS, et al.,

        Respondents.              ORDER AND

_____/    FINDINGS AND RECOMMENDATIONS

        Petitioner, currently confined at the Solano County Jail, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2008 conviction. Before the court screened petitioner's original petition, he filed an amended petition. Petitioner has also filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in accordance with this court's September 4, 2008 order.

        Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

/////

1

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

In this case, petitioner challenges his June 6, 2008 conviction for driving under the influence of alcohol and resisting arrest. In both petitioner's original and amended petitions, petitioner states that he has appealed his conviction to the Court of Appeal for the First Appellate District, but his appeal is still pending.

After reviewing this case, the court finds that petitioner has failed to exhaust his state court remedies. Petitioner's claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, this action should be dismissed without prejudice for failure to exhaust state remedies.[2]

Petitioner has also filed a series of documents in which he complains about conditions of confinement at the Solano County Jail. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). If petitioner

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is advised that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

wishes to pursue claims concerning the conditions of his confinement, he should file a civil rights action.

        Good cause appearing, IT IS HEREBY ORDERED that:

        1. Petitioner is granted leave to proceed in forma pauperis;

        2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the amended petition filed in the instant case on the Attorney General of the State of California; and

        IT IS HEREBY RECOMMENDED that this action be dismissed for failure to exhaust state remedies.

        These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2008.

                                      /s/ Dale A. Drozd
                                      DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE

DAD:9
will1966.103